IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JESSE EARL ANDREWS,                      §
                                         §
                Petitioner,              §
                                         §
v.                                       §          2:10-CV-265
                                         §
WILLIAM STEPHENS,                        §
Director, Texas Dep't of Criminal Justice, §
Institutional Division,                  §
                                         §
                Respondent.              §

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner JESSE EARL ANDREWS has filed a Petition for a Writ of Habeas Corpus by a
Person in State Custody challenging his burglary of a building conviction out of the 251st District
Court of Randall County, Texas, and the resultant twenty-year sentence.  For the reasons set forth,
the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus
relief should be DENIED.

I.
FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Andrews was found guilty of the offense of burglary of a building.  The jury found
he committed the offense on August 29, 2008, by entering the private property of David Pitt and
removing an air tank without consent.  (*State v. Andrews*, No. 20,512-C, "Reporter's Record"
[hereinafter RR], vol. 3, pgs. 236 (251st Dist. Ct. Mar. 26, 2009)).  Mr. Pitt observed a man in the

alley by his shop (Pitt's) with his air tank and gave pursuit.  The man dropped the tank and fled. (RR. vol. 3, pgs. 19-21).  Pitt found a set of car keys six inches from the location of the tank in the alley (*Id.* 22).  Pitt then observed the individual who dropped the tank looking around a car parked across the street, and when the police arrived, the individual approached.  *(Id.* 22-24).  Upon questioning by the police, the individual stated that he had been looking for work when he was yelled at in the alley.  When asked for identification, he stated his identification was in his car and that he could not find his keys. (*Id.* 67-70, 165).  Officer Cory Jones testified that Pitt had given him the keys found in the alley by the air tank and that they matched with Petitioner's vehicle parked across the street.  (*Id.* 71, 79, 173).  Pitt identified Andrews as the person he saw in the alley.  (*Id.* 171).  Mr. Pitt also testified that the air tank was originally located ten feet inside the shop door.  (*Id.* 27).  Petitioner pled not guilty at the trial, but the jury found Andrews guilty of the charged offense, enhanced by two prior burglary convictions, and sentenced him to twenty years' in prison and assessed a $10,000.00 fine.

The conviction and sentence were affirmed on direct appeal, and Petitioner did not file a petition for discretionary review.  *Andrews v. State*, No. 07-09-00106-CR, 2010 WL 547085 (Tex. App.– Amarillo Feb. 17, 2010, no pet. ref'd).  Petitioner filed a state application for a writ of habeas corpus on May 17, 2010, the State answered, and the Court of Criminal Appeals denied the state application without written order, *see Ex Parte Andrews*, WR-54,102-02, Order on Application for 11.07 Writ of Habeas Corpus (Jul. 14, 2010).

II.
PETITIONER'S ALLEGATIONS

Petitioner contends he is in custody in violation of the United States Constitution and the

laws of the United States for the following reasons:

1.    Petitioner's trial counsel was ineffective because  he failed to:
      (a)    convey the state's plea offer of four years;
      (b)    conduct an independent investigation;
      (c)    contact two other witnesses at the scene;
      (d)    inspect or examine the physical evidence;
      (e)    object to photographs of the scene or Pitt's identification of Petitioner;
      (f)    communicate or meet with Petitioner personally until the day before trial; and
      (g)    make an opening statement.

2.    There was insufficient evidence to establish burglary.

3.    The witnesses committed perjury and lacked credibility.

4.    The jury panel was selected based on race.

5.    The prosecutor improperly commented on a prior sentence during closing statements.


III.
STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act, a petitioner may not obtain habeas

corpus relief in federal court with respect to any claim adjudicated on the merits in state court

proceedings unless the adjudication of the claim resulted in a decision contrary to clearly established

federal constitutional law or resulted in a decision based on an unreasonable determination of the

facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).

The Texas Court of Criminal Appeals heard and adjudicated, on the merits, most of the

claims Petitioner Andrews now presents in his federal habeas corpus petition when it denied

petitioner's application for state habeas relief without a written order.  *Ex Parte Andrews*, WR-

54,102-02; *see Harrington v. Richter*, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Petitioner's burden before this Court is significantly heightened in that petitioner cannot prevail even if he shows the state court's determination was incorrect. Petitioner must also show the state court unreasonably applied federal law or made an unreasonable determination of the facts. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied, Neal v. Epps*, 537 U.S. 1104, 123 S.Ct. 963, 154 L.Ed.2d 772 (2003).

Petitioner has failed to meet that burden. Rather than explaining why the state court's determination was unreasonable, petitioner has merely restated the grounds he presented to the state court. He has not established the state court unreasonably applied federal law or made an unreasonable determination of the facts. *See id.* Further, even if petitioner had correctly claimed unreasonableness by the state court, there is nothing in the record or in petitioner's arguments to support such a contention. In any event, this Court's review of petitioner's claims and as analyzed below, confirms the federal petition is without merit.

## IV.
## MERITS

### A. Ineffective Assistance of Trial Counsel

In his first ground, petitioner contends he received ineffective assistance of trial counsel. The proper standard for judging a petitioner's contention he is entitled to relief on the ground his trial counsel rendered ineffective assistance is enunciated in *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Under the two-pronged *Strickland* standard, a petitioner must show defense counsel's performance was both deficient and prejudicial. *Id.* at 687, 104 S.Ct. at 2064. An attorney's performance was deficient if the attorney made errors so serious

he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment to the United States Constitution. *Id.*, 104 S.Ct. at 2064. That is, counsel's performance must have fallen below the standards of reasonably competent representation as determined by the norms of the profession. A reviewing court's scrutiny of trial counsel's performance is highly deferential, with a strong presumption counsel's performance falls within the wide range of reasonable professional assistance. *Id.* at 689, 104 S.Ct. at 2065.

Even if there was ineffectiveness, a petitioner must also show counsel's deficient performance prejudiced the defense. To establish this prong, a petitioner must show counsel's errors were so serious as to deprive petitioner of a fair trial. *Id.* at 687, 104 S.Ct. at 2064. Specifically, to prove prejudice a petitioner must show "(1) there is a reasonable probability that, but for counsel's unprofessional errors, the ultimate result of the proceeding would have been different . . . and (2) counsel's deficient performance rendered the trial fundamentally unfair." *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). A showing of significant prejudice is required. *Spriggs v. Collins*, 993 F.2d 85, 88 n. 4. (5th Cir.1993).

Failure to Convey Plea Offer

In ground 1(a), Petitioner contends his not-guilty plea was invalid because counsel failed to inform him of a plea offer by the State on October 31, 2008, but instead mailed the offer on November 4, 2008 to Petitioner's mother, Joyce Johnson. In his Memorandum in Support of Application for Writ of Habeas Corpus (hereinafter Pet. Memo in Support), Petitioner avers that "[his] mother informed him through correspondence two months later . . . [and] ask him to take the

(4) four year [sic throughout]." (Pet. Memo in Support, pg. 1[1]). Petitioner further claims that when he wrote to his counsel on February 9, 2009 and requested a copy of the letter that was sent to his mother, counsel did not respond. (*Id*. pg. 1-2). Petitioner claims that had he known of the offer he would have accepted it because he had prior convictions that he knew would be used against him at trial. (*Id*. pg. 2).

In an affidavit attached to the State's response to petitioner's state habeas corpus application, petitioner's trial counsel states,

> The Randall County Criminal District Attorney's Office conveyed a plea offer of four (4) years confinement TDCJ-ID and a $2,000.00 fine on October 31, 2008. This offer was conveyed to Mr. Andrews at the Randall County Jail by correspondence dated November 4, 2008. A copy of that correspondence is attached hereto as Exhibit "A". A copy the plea offer was also sent to the address of Mr. Andrews' mother, as Mr. Andrews freely admits in his grievance letter to the State Bar dated April 2, 2009, which is attached as Exhibit "B". Additionally, Mr. Andrews consistently told me he was innocent and would not plead guilty.

(*Ex Parte Andrews*, WR-54,102-02, Record Developed Upon Application for Writ of Habeas Corpus [hereinafter SHCR], Affidavit of Joe Marr Wilson, pg. 58 (June 1, 2010)); *see* 28 U.S.C. § 2254(e) (mandating all factual determinations made by a state court are presumed to be correct).

Failure to inform a defendant of a plea offer may constitute ineffective assistance of counsel. *Teague v. Scott*, 60 F.3d 1167, 1170-71 (5th Cir. 1995). Notwithstanding Petitioner's self-serving statements that he did not know about the plea offer until two months after it was made, and that he would have accepted it had he known about it before it expired, the Court finds that the record in the present case sufficiently supports the state habeas court's denial of relief on this ground. While

---

[1]The Court notes that Petitioner wrote numbers on the bottom of the pages of his Memo in Support, beginning on the actual second page; in other words, the second page of the Memo in Support has the number "1" circled on the bottom center of the second page. In order to avoid confusion, the Court will reference the number circled, rather than the actual page number as reflected by the docketing information at the top of the page.

failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel, the Court finds that Petitioner knew of the plea offer but did not diligently pursue it.  Support for this finding includes counsel Wilson's affidavit stating he informed Petitioner of the offer by mail, and Petitioner's acknowledgment that he knew of the offer after his mother informed him of the letter she had received, and encouraged him to accept the four year offer.  The record also reflects that Petitioner and Wilson engaged in regular correspondence.  Even if Petitioner did not learn of the offer until two-months after it was made, such does not change the fact that with diligence, he could have discussed the matter with counsel and learned whether the offer remained open for consideration or whether it had expired. There is no evidence in the record the offer was ever withdrawn, so it would appear Petitioner could have accepted the offer if he desired.  Instead, he merely asked for a copy of the letter which he alleges he never received, and never mentions it or the offer in any other correspondence to his counsel.  In fact, the record demonstrates that if Petitioner's mother made him aware of the offer two months after the November 4, 2008 letter, he knew about it as early as January 4, 2009, but did not attempt to communicate about it with his counsel until he wrote to counsel on February 9, 2009.  Thus, Petitioner clearly learned of the offer more than two months prior to the trial which was held on March 26, 2009, yet made no effort to find out whether the offer was still available, nor did he express a desire to accept the offer.  Finally, Petitioner cannot establish prejudice because he has not shown that he would have accepted the offer and pled guilty, given counsel Wilson's assertion that Petitioner claimed he was innocent and would not plead guilty.

Failure to Investigate

In ground 1(b), (c), and (d), Petitioner contends counsel was ineffective when he failed to interview Petitioner and two potential witnesses, and failed to conduct an independent investigation of the alleged crime scene or the alleged stolen property to determine if a burglary had been committed.  In his affidavit attached the State's response to petitioner's state habeas corpus application, petitioner's trial counsel states,

> I am not sure what type of "independent investigation" could have been done in that Mr. Andrews' story to the police and to me was that he had entered into Mr. Pitt's shop "to look for a job." (Cpl. Jones' report attached hereto as Exhibit "C"). Accordingly, the only issue at trial was whether Mr. Andrews committed or attempted to commit theft.  The issue revolved entirely around Mr. Pitts' [sic] testimony.
> I was able to speak with Mr. Pitts [sic] about the case at length and he told me nothing different than what he testified to at trial.  I did not believe it would be worthwhile to contact the responding police inasmuch as experience leads me to believe he would have no independent recollection of the event other than what was contained in his police report.

SHCR, Affidavit of Joe Marr Wilson, pg. 58-9 (June 1, 2010).

This affidavit describing the investigation defense counsel undertook rebuts any allegation of deficient performance.  This is especially so considering the fact that the Court's review of trial counsel's performance is highly deferential.  *See Strickland*, 466 U.S. 689, 104 S.Ct. at 2065.  This was certainly not a complicated case and there were no complex legal issues.  Petitioner's trial attorney was functioning as the counsel guaranteed by the Sixth Amendment, and the state court decision denying petitioner relief on this issue was not unreasonable.  *See Neal*, 286 F.3d at 235.

Moreover, petitioner fails to show prejudice.  Petitioner maintains that if counsel had interviewed the two overhead door workers who were in the building at the time of the alleged burglary, they would have testified that they did not see Petitioner enter the building, and that no

burglary had occurred.   He also asserts that counsel should have inspected the site of the alleged burglary and the property that was allegedly stolen in order to determine whether it was even physically possible for Petitioner to commit the burglary.  A defendant who alleges counsel was deficient for failing to investigate "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  Similarly, a petitioner seeking to show ineffective assistance of counsel for failing to call a witness must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).  "Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. Where the only evidence of a missing witnesses' testimony is from the defendant, this Court views claims of ineffective assistance with great caution." *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986).  Petitioner fails to offer anything beyond his own statements as to what the statements and testimony of these witnesses would have been.  Petitioner's unsupported assertions fall far short of the level required for federal habeas corpus relief.

More importantly, petitioner fails to show how such statements and/or testimony would have impacted the outcome of his trial.  Petitioner argues the witnesses' statements and/or testimony would have supported his claim that he did not enter the building and commit the burglary.  Even if these witnesses' statements and testimony would have been as Petitioner outlines, Petitioner has not shown that testimony by witnesses who did not see Petitioner enter the building and commit a burglary would have impacted the jury's determination of guilt in light of the other testimony

presented, more specifically Mr. Pitt's testimony that the stolen air tank was ten feet inside the building.[2]  Petitioner's challenges to his attorney's failure to obtain statements from and/or call certain witnesses are meritless.

Failure to Object

In ground 1(e), Petitioner contends counsel was ineffective because he failed to object at the beginning of trial to the admission of photos of the property where the offense occurred.  Petitioner contends the photos were taken months after the offense occurred.  Petitioner also contends counsel failed to object to Pitt's identification of him.

A failure to object does not constitute deficient representation unless a sound basis exists for objection.  *See Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir.1997) (a futile or meritless objection cannot be grounds for a finding of deficient performance). Even with a basis to object, however, an attorney may render effective assistance despite a failure to object when the failure is a matter of trial strategy.  *See Burnett v. Collins*, 982 F.2d 922, 930 (5th Cir.1993) (noting that a failure to object maybe a matter of trial strategy as to which courts will not second guess counsel).  Failure to make frivolous objections does not cause counsel's performance to fall below an objective level of reasonableness.  *See Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir.1998).  On habeas review, federal courts do not second-guess an attorney's decision through the distorting lens of hindsight, but rather, the courts presume counsel's conduct falls within the wide range of reasonable professional assistance and, under the circumstances, that the challenged action might be considered sound trial strategy.  *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

---

[2]Petitioner certainly has not presented anything to show these witnesses would have testified they observed petitioner and that petitioner did not enter the building.

Petitioner's claim that counsel failed to object to photos presented at trial that were not taken at the time of the offense is not supported by the record which shows that counsel did object, and that the trial judge overruled the objections and admitted the photos.  3 RR. 89-91, 98-101, 107-108.

Petitioner's claim that counsel was ineffective for failing to object to Mr. Pitt's identification of him is without merit, because the objection was pointless.   In his affidavit attached to the State's response to petitioner's state habeas corpus application in response to the complaint that counsel failed to file a motion to suppress the in-court identification, petitioner's trial counsel states, "[T]his was a moot point since Mr. Andrews admitted being at Mr. Pitt's shop and was apprehended when he came back for his car keys."  SHCR, Affidavit of Joe Marr Wilson, pg. 59 (June 1, 2010).

Failure to Communicate or Meet with Petitioner

Petitioner next contends counsel was ineffective because he failed to interview or meet with Petitioner until the day before the trial.   In his affidavit attached to the State's response to petitioner's state habeas corpus application, petitioner's trial counsel states,

> I am sure I did not communicate with Mr. Andrews as often as he would have liked or in the manner he would have preferred, but my conversations and correspondence with him were more than sufficient for me to prepare to represent him at trial, as I believe is illustrated by the record.

SHCR, Affidavit of Joe Marr Wilson, pg. 58-9 (June 1, 2010).

The Fifth Circuit has held that "brevity of consultation time between a defendant and his counsel, alone, cannot support a claim of ineffective assistance of counsel." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984) (*citing Jones v. Wainwright*, 604 F.2d 414, 416 (5th Cir. 1979)). Petitioner has failed to demonstrate counsel's failure to meet with him until the day before trial amounted to ineffective assistance, because the record shows that Petitioner and counsel engaged

in regular correspondence pertaining to Petitioner's case. Indeed, Petitioner attached copies of that correspondence to his petition, which demonstrates counsel wrote to Petitioner at least four times prior to trial. (See Pet. Memo in Support, Ex. 1-A, 3-A, 5, and 9-B). Whether the better practice might have been for counsel to meet with Petitioner in person prior to the day before trial or not, "[t]he Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." *Yarborough v. Gentry*, 540 U.S. 1, 6, 124 S.Ct. 1, 8 (2003). Petitioner cannot establish prejudice because he cannot demonstrate that the results of the trial would have been different if he had met with counsel earlier.

Failure to Make Opening Statement

Petitioner alleges trial counsel was ineffective for failing to make an opening statement. Respondent argues that this claim is unexhausted and procedurally barred because Petitioner never raised this claim during state habeas review. In any event, Petitioner fails to show how counsel's decision to forego an opening statement was prejudicial, so his claim must fail. Generally, the decision whether to make an opening statement is a strategic one. Based upon the facts and law clearly set forth in Respondent's answer, the Court finds that Petitioner is not entitled to relief on this ground.

*B. Insufficient Evidence to Establish Burglary and Witness Credibility*

In grounds 2 and 3, Petitioner contends the State failed to prove a burglary had been committed, and argues that the State's witness committed perjury and lacked credibility. In support of his contention that the state failed to prove a burglary had been committed, Petitioner alleges that the indictment omitted a necessary element, and there was no direct evidence of unlawful entry, such

as fingerprints, photos or eyewitnesses who saw applicant enter the building. In support of his contention that the state's witness, David Pitt, lacked credibility, Petitioner claims Mr. Pitt "repeatedly contradicted his testimony and unsworn declaration, with no corroboration. . . ." (See Pet. Memo in Support p. 9).

Respondent argues the evidence was sufficient, Petitioner has failed to show Mr. Pitt committed perjury, and credibility determinations were for the jury to decide. Moreover, Respondent argues to the extent Petitioner argues that the evidence was factually insufficient, his claim is incognizable and without merit because sufficiency of the evidence claims cannot be raised on state habeas review. Even if the claim could be made, the testimony of the victim (Mr. Pitt) provides sufficient evidence to support the verdict. There was certainly circumstantial evidence of an entry into the burglarized building. Based upon the facts and law clearly set forth in Respondent's answer, the Court finds Petitioner's grounds 2 and 3 are meritless, and Petitioner is not entitled to relief.

## C. Racially Selected Jury

Next, Petitioner complains he was convicted by an all white jury in violation of his due process rights. Specifically, Petitioner complains the jury was "racially selected" because "blacks" were deliberately excluded from the jury panel. In support of his claim, Petitioner offers only the absence of African-Americans on the jury panel on the day of his trial. Respondent argues that this claim fails because Petitioner fails to show there was unfair underrepresentation in relation to the number of African-Americans in the community or that the underrepresentation was caused by systematic exclusion.

In a criminal case, potential jurors must represent a fair cross-section of the community; "the jury wheels, pools of names, panels, or venires from which the juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Taylor v. Louisiana*, 419 U.S. 522, 538, 95 S. Ct. 692 (1975).  However, defendants are not entitled to a jury of a specific composition.  *Id.; United States v. Steen*, 55 F.3d 1022, 1030 (5th Cir. 1995).  The Fifth Circuit has explained that a petitionr seeking to establish a cross-section claim must initially show 1) that the group allegedly excluded is distinctive, 2) that the group is not fairly and reasonably represented in venires in relation to its presence in the community, and that the underrepresentation is caused by a systematic exclusion of the group in the selection process.  *United States v. Olaniyi-Oke*, 199 F. 3d 767, 773 (5th Cir. 1999).  Moreover, "[a] defendant cannot establish a prima facie violation by relying solely on the composition of the jury at his own trial." *Id.*  Petitioner has not alleged any factual basis for his conclusion that the Randall County jury selection process systematically excludes African-Americans from the selection process.  Accordingly, petitioner has failed to make a prima facie showing that the jury was unconstitutionally empaneled.  Petitioner is not entitled to relief on this ground.

### D.   Improper Closing Argument

Finally, Petitioner claims the prosecution made an improper and injurious argument during the sentencing phase by mentioning the length of one of his prior sentences.  Specifically, Petitioner argues the prosecution's statement that Petitioner was previously convicted in 1995 and received a 15 year sentence was prejudicial because it suggested the jury should give Petitioner a harsher sentence in the present case.  Respondent argues this claim is unexhausted and procedurally barred

because Petitioner did not present the argument in his state habeas petition; rather, he first presented the argument directly to the Texas Court of Criminal Appeals after the State had filed its answer and forwarded the state habeas application. Respondent also argues that because presentation of this newly-raised, fact specific and law-specific claim to the state courts would now be barred by application of Article 11.07 § 4 of the Texas Code of Criminal Procedure, Petitioner is barred from presenting this unexhausted claim under the procedural default doctrine. Based upon the facts and law clearly set forth in Respondent's answer, the Court agrees and finds that such claim should be dismissed.

Alternatively, Petitioner's claim of prosecutorial misconduct is without merit and should be denied. When determining whether there has been prosecutorial misconduct, the Supreme Court has commented that "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted. *Riddle v. Cockrell*, 288 F.3d 713, 720 (5th Cir. 2002). "A prosecutor's improper [conduct] will, in itself, exceed constitutional limitations in only the most egregious cases." *Menzies v. Procunier*, 743 F.2d 281, 288-89 (5th Cir. 1984). Federal courts apply "a two-step analysis to charges of prosecutorial misconduct." *United States v. Duffaut*, 314 F.3d 203, 210 (5th Cir.2002). The courts first decide whether the prosecutor's actions were improper and, if so, they then determine whether the actions "prejudiced the defendant's substantive rights." *Id*.

At the punishment phase of trial, either party may offer evidence

as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an

opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

Tex.Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon 2006).   Because Petitioner's prior convictions are relevant to sentencing, and are admissible under Texas law, Petitioner cannot show that any prosecutorial action rendered his trial fundamentally unfair.  This claim entitles Petitioner to no federal habeas relief and should be denied.

## V.
## RECOMMENDATION

Petitioner has failed to present any meritorious claim warranting federal habeas corpus relief. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JESSE EARL ANDREWS be DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 5th day of March 2014.


CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Court Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).